Jay Stevenson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 29, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Robert J. Magee, Worth Law Offices, P.C.,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevey,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 1, 1983:

Jay Stevenson (petitioner) has appealed from an order of the Pennsylvania Board of Probation and Parole (board) revoking his parole and recommitting him for thirty months as a convicted parole violator.

On July 1, 1975 the petitioner was found guilty of and sentenced to a term of three to ten years for the crimes of robbery and burglary. On the same day, the petitioner was also found guilty of theft by unlawful taking and was sentenced to a concurrent term of one to three years. On July 31, 1975, petitioner was further sentenced to a concurrent term of one and one-half to three years for robbery and criminal conspiracy. The longest sentence was effective February 8, 1975 with a minimum date of February 8, 1978 and a maximum date of February 8, 1985.

On March 6, 1978, petitioner was paroled to an approved plan. On November 24, 1980, petitioner was arrested by Lehigh County authorities on the charge of unlawful attempt to obtain controlled substances and on December 15, 1980, was further charged with armed robbery. On January 26, 1981, petitioner was charged by the Northampton County authorities with robbery, theft by unlawful taking, and receiving stolen property.

On February 18, 1981, a violation hearing was held by a representative of the board, with the board's decision being to recommit petitioner as a technical parole violator for twelve months.

On May 18, 1981, the petitioner was convicted of robbery and theft in Northampton County Court and sentencing was deferred.

On September 2, 1981, petitioner was afforded a full board revocation hearing, with the board's action being to recommit petitioner as a convicted parole violator for thirty months for a total of forty-two months. The board based its decision on: petitioner's recent conviction in a court of record; the record of the Northampton County Common Pleas Court; the testimony of a psychologist produced by the petitioner; and, the the petitioner's own testimony. The board then stated its reasons for recommitting petitioner as: 1) his new conviction in a court of record established; 2) his previous recommitment as a technical parole violator; 3) his multiple arrests and convictions; 4) his pattern of robbery convictions; 5) his use of a weapon; and 6) his serious drug problem.

On September 25, 1981, the petitioner was sentenced to concurrent terms of five to ten years for the crimes of robbery and theft.

The petitioner presents four issues: 1) whether the finding by the board that the petitioner had a serious drug problem is supported by substantial evidence; 2) whether the board erred in failing to review the letters submitted by petitioner; 3) whether the record demonstrates a pattern of robbery convictions upon which the board could base its decision; and 4) whether the board erred in considering the fact that the petitioner was sentenced to terms of five and ten years for the offenses which were also the occasions for his parole revocation and recommitment.

"Our review is limited to a determination of whether the adjudication is supported by substantial evidence, is in accordance with law and observant of the petitioner's constitutional rights." *Washington v. Pennsylvania Board of Probation and Parole,* 73 Pa. Commonwealth Ct. 432, 433-4, 458 A.2d 645, 646 (1983). *See Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980).

Petitioner first contends that the board's finding that petitioner had a serious drug problem is not supported by the evidence. Substantial evidence has been defined as:

[S]uch relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . Hence, appellate review must focus on whether there is rational support in the record, when reviewed as a whole, for the agency action. . . . Review of the findings of fact is limited to the question of whether the lower court's findings are adequately supported by the evidence as a whole; credibility is solely an issue for the finder of fact; and findings of fact will be overturned only if they are arbitrary and capricious. . . . an appellate court, in order to reverse, must conclude that the findings of the agency are *totally* without support in the record. (Emphasis in original.) (Citations omitted.)

*Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 492 Pa. 1, 5, 421 A.2d 1060, 1062-63 (1980). *See Norfolk & W. Railroad Co. v. Pennsylvania Public Utility Commission,* 489 Pa. 109, 413 A.2d 1037 (1980); *Gibson v. Commonwealth Department of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 384 A.2d 1030 (1978).

At his revocation hearing, the petitioner testified: that he was taking heroin and dilaudid; that he exhausted his own, his mother's and his girl friend's money and even had to sell his own property to supply his habit; and, finally, that as a result of his habit, he committed a few robberies. We therefore find that there is substantial evidence in the record indicating that petitioner had a serious drug problem.

Petitioner next contends that the board erred in failing to review the letters submitted on petitioner's behalf which, according to him, would have made a

favorable impression on the board. Although the order of the board does not indicate whether the board considered this evidence, we are satisfied by the statement made by the director of the division of hearing review for the board in his decision denying petitioner's request for administrative relief that the board had accepted the petitioner's letters for its consideration at the time of the hearing. Moreover, our review of the record shows that the letters were introduced as evidence and there is no indication in the record that they were not considered by the board. *See Pierce v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 507, 511, 406 A.2d 1186, 1188 (1979) (although order of board did not indicate that board considered evidence of parolee's rehabilitation, chairman's affidavit stating that it had was sufficient).

Petitioner next argues that the board erred in basing its decision on a nonexistent pattern of robbery convictions. Our review of the record reveals that the certificate of the chairman of the Board of Probation and Parole contains evidence of two prior convictions for robbery in 1975—one in Chester County and the other in Lancaster County.

Finally, the petitioner contends that the board erred in not considering the sentence imposed by the trial judge for the new conviction which is the basis for the petitioner's recommitment as a convicted parole violator. Section 21.1(a) of the Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a) provides in pertinent part that:

(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for

which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. . . .

Section 21.1(a) does not require the board to consider the length of the new term in deciding whether and for what period to recommit a convicted parole violator; and we discern no reason in logic why the board should consider this circumstance. Indeed, the word "conviction" in 61 P.S. §331.21a(a) means a verdict or a plea of guilty and not the imposition of sentence following a criminal trial. *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404, 411 (E.D. Pa. 1975).

Order affirmed.

## ORDER

AND Now, this 1st day of June, 1983, the order of the Pennsylvania Board of Parole and Probation in the above-captioned matter is affirmed.