528 A.2d 711

Marty Kirkland, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 11, 1987, to President Judge CRUMLISH, JR., Judge COLINS and Senior Judge BLATT, sitting as a panel of three.

*Patrick J. Flannery*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, July 22, 1987:

Marty Kirkland (petitioner) petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) which denied administrative relief from a July 17, 1986 recommitment.

The petitioner, while on parole, was convicted of robbery on April 8, 1985 and was sentenced to serve from three to six years. On October 20, 1985, after a parole revocation hearing, he was recommitted to serve thirty-six months backtime,[1] and, after his request for administrative relief was denied, the petitioner appealed to this Court. It was thereafter discovered that there was no record, because the tape-recording device at the revocation hearing was defective. Accordingly, the matter was remanded to the Board for a hearing de novo,[2] after which the Board, on July 17, 1986, again recommitted the petitioner to serve thirty-six months backtime with a new reparole eligibility date of July 17, 1989. Administrative relief was denied,[3] and this appeal followed.

---

[1] The petitioner's reparole date was October 20, 1988.

[2] A hearing de novo was held on June 24, 1986.

[3] In its denial of administrative relief, the Board stated that the period of time from October 13, 1984, the date of the petitioner's arrest, to July 17, 1986 would be credited on the new sentence when he was reparoled to begin serving that sentence.

The petitioner contends[4] that the July 17, 1986 thirty-six month recommitment should relate back to the original October 20, 1985 recommitment date for purposes of computing his reparole eligibility date[5] and that the time period between October 20, 1985 and July 17, 1986 should be credited as time spent on his old sentence, because the need to hold a new hearing was not his fault.[6] The Board, in response, contends that, inasmuch as it was necessary to vacate its October 20, 1985 order and conduct a hearing de novo, the petitioner was not prejudiced by its application of *Campbell v. Pennsylvania Board of Probation and Parole*, 48 Pa. Commonwealth Ct. 454, 409 A.2d 980 (1980) (time spent by a prisoner from the date of conviction until the date of parole revocation should be credited to the new sentence, and service of backtime on the old sentence must be computed from and begin on the date that parole is revoked) so as to compute his reparole eligibility date as of July 17, 1986.

We initially note that, because a parole violator must serve the balance of his original sentence prior to beginning service of the newly imposed term,[7] the

---

[4] The petitioner does not contest the Board's order insofar as it recommits him to serve thirty-six months backtime.

[5] By using July 17, 1986 as the starting date of the thirty-six month recommitment, the petitioner's reparole eligibility date was extended by approximately nine months.

[6] Our scope of review, of course, is limited to determining whether or not a Board adjudication is supported by substantial evidence, is in accordance with the law, and is observant of the petitioner's constitutional rights. *Stevenson v. Pennsylvania Board of Probation and Parole*, 74 Pa. Commonwealth Ct. 540, 460 A.2d 409 (1983).

[7] A recommitted convicted parole violator must serve the balance of an original sentence prior to serving a newly imposed term pursuant to Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a.

Board here, due to its own error, extended by nine months the date on which the petitioner would be eligible to start serving his newly imposed term for the robbery conviction. And, inasmuch as, the July 17, 1986 Board order has reached the same conclusion as the prior invalid one, we believe that the subsequent decision must relate back to the date of the original order. Otherwise, the petitioner would be penalized by a delay in eligibility for reparole on the original sentence due to the Board's error and delay in determining the propriety of the recommitment. *See Commonwealth v. Bailey,* 258 Pa. Superior Ct. 364, 392 A.2d 836 (1978). Accordingly, the July 17, 1986, thirty-six month recommitment of the petitioner must relate back to the original revocation date of October 20, 1985, and reparole eligibility must be computed as of that date.

Having concluded that the July 17, 1986 recommitment order must relate back to the original October 20, 1985 recommitment order for purposes of determining reparole eligibility, we must next determine whether that nine-month period of incarceration should be credited to the petitioner's original or to his new sentence. Time served prior to recommitment, of course, should be credited toward a parole violator's new sentence, and time served after recommitment should be credited toward the original sentence. *Campbell.* Here, however, we are confronted with a unique situation where, due to a breakdown in the operations of the Board, a recommitment order had to be vacated, which necessitated a hearing de novo. And, although *Campbell* requires that any time served prior to a valid revocation of parole be credited toward the new sentence, to do so here would be to penalize the petitioner for a breakdown in the Board's administrative procedure and for exercising his right to appeal to this Court.

We will, therefore, affirm the order of the Board insofar as it recommits the petitioner to serve thirty-six months backtime, and we will remand this matter so that the period of time from October 13, 1984 to October 19, 1985 may be credited to the petitioner's new sentence; so that the period of time from October 20, 1985 to July 17, 1986 may be credited to the petitioner's original term; and so that the petitioner's reparole eligibility date on his original sentence may be computed as being thirty-six months from October 20, 1985.

### ORDER

AND NOW, this 22nd day of July, 1987, the order of the Pennsylvania Board of Probation and Parole is affirmed in part and vacated in part. The Board order is affirmed insofar as it recommits the petitioner to serve thirty-six months backtime. The Board's order insofar as it establishes July 17, 1989 as the petitioner's reparole eligibility date is vacated and the matter is remanded to the Board for proceedings consistent with this opinion.

Jurisdiction relinquished.