**Richard Lee FETTER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 2, 2002.

Decided Oct. 10, 2002.

---

David Crowley, Bellefonte, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before COLINS, President Judge, SMITH–RIBNER, J., and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Richard Lee Fetter petitions for review of a decision of the Pennsylvania Board of Probation and Parole recommitting him to serve fifteen months backtime as a technical parole violator. We affirm that decision.

Fetter was serving a sentence of fifteen to thirty years for burglary, robbery, receiving stolen property and prowling when he was released on parole to a treatment program at Conewago Place in Hummelstown, PA on April 23, 2001. Fetter was discharged later from the program for assaultive behavior and subsequently arrested by his parole officer as a technical violator for violating condition 7 of his parole that required him to successfully complete the program at Conewago. Fetter requested a panel hearing at his preliminary hearing held on August 9, 2001. On August 19, however, Fetter submitted a written request to waive a panel hearing in favor of a violation hearing to "get this over with." A violation hearing was scheduled for September 7, 2001 but was continued on that date on Fetter's request that a panel hearing be held instead.

A panel hearing was conducted on December 14, 2001. Fetter's counsel began that hearing with a motion to dismiss on the grounds that the hearing was being held 141 days after the preliminary hearing and was, therefore, untimely. Fetter testified in support of the motion by explaining the circumstances that caused him to waive his original panel hearing. He testified he had a conversation with his parole agent about the RSAT drug and alcohol program while he was being transported from the Berks County Prison to SCI–Graterford. He said that in that conversation the agent told him that he could be admitted to the RSAT program but that he would not be eligible for the program unless he waived his panel hearing. The agent corroborated that testimony on cross-examination when he said: "I believe Mr. Fetter had questions about the [RSAT] program. And I believe that my general answer to that would have been, even though I can't absolutely recall, verbatim, that because he's asking for a panel hearing, he wouldn't be eligible for RSAT." When Fetter got to Graterford he submitted his waiver of the panel hearing. Fetter testified further that when he subsequently realized that the RSAT program was not appropriate for him he again requested a panel hearing. He argued that that the hearing was untimely because the Board's agent induced him to waive the original hearing and that the Board was, therefore, responsible for that waiver and the ensuing delay that caused the hearing to be held more than 120 days after his preliminary hearing. The Board rejected Fetter's argument and sentenced him to fifteen months backtime as a technical parole violator in a decision dated January 7, 2002.

The Board made no findings in its decision other than the fact that Fetter had violated condition 7 of his parole. Condition 7 required him to complete the Conewago program. The Board does not address Fetter's timeliness argument, but the fact that the Board's agent told Fetter that he would not be eligible for the RSAT program unless he waived his panel hearing is not in dispute.

■ The question we are asked to determine is whether a panel hearing is untimely when it is held more than 120 days beyond a preliminary hearing where an agent of the Board advises a parolee in such a way that the parolee is induced to waive a panel hearing.[1]

This is a matter of first impression. We are unable to find any cases that discuss the effect of a Board agent's conduct on the timeliness of a panel hearing so we turn to the Pennsylvania Code for guidance. The Pennsylvania Code requires that "[i]f a violation hearing is scheduled, it shall be held no later than 120 days after the preliminary hearing." 37 Pa.Code § 71.2(10). Subsection (c) of Section 71.5 provides: "In determining the period for conducting hearings under this chapter, there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following: . . ." A numbered list of circumstances follows this sentence. The Board relies on the following circumstance in asserting that the hearing was held in a timely manner: "(4) A change of decision by a parolee either to waive the right to be heard by a panel after asserting it or to assert that right after waiving it. In this case, the hearing shall be held

within 120 days of the last change of decision." 37 Pa.Code § 71.5(c)(4).

■ Fetter complains, however, that he would never have waived the panel hearing absent the act of the Board's agent in advising him about the RSAT program. Fetter asserts that his right to counsel was in some way violated when he made the decision to waive his hearing after talking to the agent about that program. There is no doubt that Fetter had a right to counsel at the time that he made the decision to waive his hearing. *Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969). However, an alleged parole violator's right to counsel is not violated simply because he makes a decision without consulting counsel. Fetter could have spoken with an attorney about his decision to waive the hearing. He did not.

We find no evidence in the record that Fetter was pressured to waive a panel hearing by the Board's agent. Fetter alone made the decision to waive a panel hearing so that he could participate in the RSAT program and he subsequently made the decision not to participate in that program and to again request a panel hearing. The Board's is correct in its reliance on subsection (c)(4). The panel hearing was timely because Fetter asserted his right to it after waiving that right.

Accordingly, the decision of the Board dated January 7, 2002 is affirmed.

### ORDER

AND NOW, this 10th day of October 2002, the order of the Pennsylvania Board of Probation and Parole in this case dated January 7, 2002 is affirmed.

---

1. Our standard of review is limited to determining whether findings are supported by substantial evidence, an error of law was committed or constitutional rights were violated. *Kirkland v. Pennsylvania Board of Probation and Parole,* 107 Pa.Cmwlth. 566, 528 A.2d 711 (1987).

DISSENTING OPINION BY Judge SMITH–RIBNER.

I respectfully disagree with the majority's reasoning and the decision reached in this case. The Board of Probation and Parole cannot refute the parole agent's testimony, which establishes that he informed Petitioner that he would not be eligible for the RSAT Program unless he waived the panel hearing previously requested by counsel for Petitioner. Moreover, this discussion took place without the presence of Petitioner's counsel. The testimony supports Petitioner's assertion that because of the parole agent's advice he submitted a letter waiving his right to the hearing. Once he determined that the RSAT Program was not suitable, he again requested a panel hearing.

The Board contends that it acted timely in holding the panel hearing on December 14, 2001 even though more than 120 days had elapsed from the date of Fetter's August 9, 2001 preliminary hearing. Although Board regulations allow the Board to extend the time for holding a panel hearing when a parolee changes his decision either to waive the hearing previously requested or to request a hearing after waiving it, *see* 37 Pa.Code § 71.5(c), the Board cannot rely on a parolee's decision to waive a hearing when it is based upon the advice of a parole agent who knew that the parolee was represented by counsel. Petitioner's counsel may very well have advised him to do otherwise. Under these circumstances, Petitioner's right to counsel in his parole proceedings was violated, *see Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969), and the Board should not be permitted to benefit from its improper action.