**Roberto RAMOS, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 3, 2008.

Decided Aug. 4, 2008.

David Crowley, Chief Public Defender, Bellefonte, for petitioner.

Chad L. Allensworth, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge PELLEGRINI.

Roberto Ramos (Parolee) petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from his recommitment as a convicted parole violator to a state correctional institution to serve 18 months backtime. The issue on appeal is whether the Board proved by substantial evidence that Ramos' revocation hearing was timely. After review, we conclude that the Board did not meet its burden and, therefore, reverse the order of the Board and dismiss the parole violation charges forming the basis of the Board's revocation of Parolee's parole.

In August 2005, Parolee was paroled from concurrent sentences for offenses not relative here with the longest maximum date of October 22, 2008. On September 23, 2006, Parolee was arrested in Philadelphia on new criminal charges, and the Board lodged a detainer the same day. Parolee was returned to a state correction-al institution that same date, and on December 4, 2006, the Board recommitted Parolee as a technical parole violator to serve six months. Parolee was also ordered detained pending the disposition of the criminal charges underlying his arrest.

On January 22, 2007, Parolee was found guilty of firearm charges, and on April 17, 2007, he was sentenced to a term of 2½ to six years in a state correctional institution. While aware of the conviction, the Board's field agent did not obtain written verification of the sentencing order until September 18, 2007. Parolee was then charged as a convicted parole violator, and a revocation hearing was held on October 19, 2007. Because the hearing was not held within 120 days of the Parolee's sentencing on April 17, 2007, Parolee's counsel contended that the charges should be dismissed. At the hearing, the delay was attempted to be explained by the reading into the record of a report made by Parole Agent Carmen Cruz (Agent Cruz)—namely a PBPP 257H "Supervisory History" form dated July 10, 2007 by another parole agent because Agent Cruz was not present at the hearing. Among other things, Agent Cruz's report stated that after three other attempts, she was able on the fourth attempt to get official verification of Parolee's conviction for the Philadelphia charges on September 18, 2007. Her report noted that obtaining verification of conviction dates had "been an ongoing problem with the Criminal Justice Center here [in Philadelphia]," and that the Board's legal department in Harrisburg was aware of the difficulties in obtaining proof of conviction in Philadelphia. (Reproduced Record at 15.) Parolee objected through counsel to the above averment as hearsay and his right to confront Agent Cruz because she was not available for cross-examination, which objection was denied.

Parolee was found to be a convicted parole violator and ordered to serve 18 months when available. He filed a petition for administrative relief, which was denied by the Board. Parolee then petitioned for review contending that his hearing was untimely.[1]

Under 37 Pa.Code § 71.4(1), a revocation hearing "shall be held within 120 days from the date the Board received *official verification* of the plea of guilty or *nolo contendere* or of the guilty verdict at the highest trial court level...." (Emphasis added.) "Official verification" is defined as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa.Code § 61.1. When the timeliness of a hearing is challenged, the Board bears the burden of proving by a preponderance of the evidence that the hearing was timely. *Abbruzzese v. Pennsylvania Board of Probation and Parole*, 105 Pa.Cmwlth. 415, 524 A.2d 1049 (1987). Failure to present substantial evidence demonstrating the timeliness of the revocation hearing results in the dismissal of the parole violation charges with prejudice.

We have declined to require that the 120–day period commence with the date of a parolee's actual conviction because such a requirement would impose on the Board a "Herculean task of searching the dockets of every court of record in the United States on a daily basis." *Lee v. Pennsylvania Board of Probation and Parole*, 141 Pa.Cmwlth. 79, 596 A.2d 264, 265 (1991). However, if there is a delay between the time the Board has notice of the conviction and the time when the Board receives official verification of the conviction, the Board has the burden of proving that the delay was not unreasonable and unjustifiable. *See Fitzhugh v. Pennsylvania Board of Probation and Parole*, 154 Pa.Cmwlth. 123, 623 A.2d 376 (1993) (holding that where the Board had employees whose job was to retrieve conviction records, a parolee convicted of a new offense should not be forced to wait for an unreasonable period for a revocation hearing because the Board chose not to retrieve the record).

The question then is whether the Board offered sufficient evidence that the delay in receiving official verification evidence was reasonable and justifiable. Parolee contends that there is no such evidence to support the Board's finding that the delay in holding the revocation hearing was justifiable or reasonable because the evidence it relied upon to make that finding—Agent Cruz's supervisory history report—was inadmissible hearsay. The Board argues that the supervisory history report was not hearsay because the Board could take official notice of Agent Cruz's report, which is direct and substantial evidence that establishes the efforts it took, and it was not dilatory in obtaining his conviction notice.

While the Board may take official notice of matters contained in its files, it does not make every piece of information contained in a file admissible. Like its more familiar cousin, judicial notice, the doctrine authorizes the finder of fact to waive proof of facts that cannot seriously be contested. *Galina v. I.N.S.*, 213 F.3d 955, 958 (7th Circuit 2000). In *Falasco v. Pennsylvania Board of Probation and Pa-*

---

1. Our scope of review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated. *Kirkland v. Pennsylvania Board of Probation and Parole*, 107 Pa.Cmwlth. 566, 528 A.2d 711 (1987).

*role,* 104 Pa.Cmwlth. 321, 521 A.2d 991 (1987), we explained:

"Official notice" is the administrative counterpart of judicial notice and is the most significant exception to the exclusiveness of the record principle. The doctrine allows an agency to take official notice of facts which are obvious and notorious to an expert in the agency's field and those facts contained in reports and records in the agency's files, in addition to those facts which are obvious and notorious to the average person. Thus, official notice is a broader doctrine than is judicial notice and recognizes the special competence of the administrative agency in its particular field and also recognizes that the agency is a storehouse of information on that field consisting of reports, case files, statistics and other data relevant to its work. *See FCC v. National Citizens Committee for Broadcasting,* 436 U.S. 775, 98 S.Ct. 2096, 56 L.Ed.2d 697 (1978); *NLRB v. Seven–Up Bottling Co.,* 344 U.S. 344, 73 S.Ct. 287, 97 L.Ed. 377 (1953); *Department of State v. Stecher,* 506 Pa. 203, 484 A.2d 755 (1984); *see generally* K. Davis, Administrative Law Treatise §§ 15.1–15.20 (1980); Schwartz, Administrative Law § 128 (1976); *cf.* 5 U.S.C. § 556(e).

*Falasco,* 521 A.2d at 995, n. 6. Because the facts contained in a report involving a specific individual are not obvious and notorious to both persons of common intelligence and to experts and can be contested, the doctrine of official notice does not permit the Board to rely on a parole agent's notes on a form. If that were so, no one would ever have to appear to testify before the Board; all that would be needed to be introduced would be the supervisory history reports that would set forth the reasons why parole was revoked. Accordingly, the statements in Agent Cruz's report that she attempted to obtain the verification on three previous occasions and otherwise acted with diligence are not covered by the official notice doctrine and are inadmissible hearsay.[2]

Because there is no other evidence as to the reasons for the delay in obtaining the official verification report, the Board failed to meet its burden that the delay was reasonable or justifiable, and the Board does not have the right to a second hearing to make the case it should have made in the first instance. *Gair v. Pennsylvania Board of Probation and Parole,* 948 A.2d 884 (Pa.Cmwlth.2008).

Accordingly, the order of the Board is reversed, and the parole violation charges forming the basis of the Board's revocation of Parolee's parole are dismissed.

## O R D E R

AND NOW, this 4th day of August, 2008, the order of the Board of Probation and Parole at Parole No. 442–CY is reversed, and the parole violation charges forming the basis of the Board's revocation of Parolee's parole are dismissed.

---

**2.** The Board does not contend that the "supervisory history" report falls within the business record exception to the hearsay rule.