IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ellis Croft,                          :
        Petitioner            :
                             :
    v.                                :  No. 1251 C.D. 2020
                             :
Pennsylvania Parole Board,            :
        Respondent            :  Submitted: May 27, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                              FILED: July 27, 2022

Petitioner Ellis Croft (Croft), an inmate currently confined within our Commonwealth's prison system at the State Correctional Institution (SCI) at Pine Grove, petitions for review of Respondent Pennsylvania Parole Board's (Board) November 20, 2020 order. Through that order, the Board dismissed Croft's administrative appeal of its August 28, 2020 decision to revoke Croft's parole, due to the untimeliness of Croft's appeal. We affirm.

## I. Background

On May 27, 1976, Croft pled guilty in the Court of Common Pleas of Philadelphia County (Trial Court) to 3 counts of robbery and 2 counts of aggravated assault, and was sentenced to an aggregate carceral term of 10 to 20 years in state prison. Certified Record (C.R.) at 1. Croft was subsequently paroled from this sentence on December 26, 1985, but was arrested thereafter in Philadelphia, Pennsylvania, charged with, and found guilty of, a single count of carrying a firearm without a license. On November 29, 1989, Croft was sentenced by the Trial Court

to serve 30 to 60 months in state prison. *Id.* at 8, 80. On May 29, 1992, the Board paroled Croft to serve a "detainer sentence," after which it paroled Croft from carceral confinement on December 30, 1992. *Id.* at 3-11. At that point in time, the maximum date on his May 1976 sentence was September 29, 1998, while the maximum date on his November 1989 sentence was June 30, 1995. *Id.* at 4-5, 10-11.

On August 8, 1995, Croft was arrested by federal agents and was charged in the United States District Court for the Eastern District of Pennsylvania (District Court) with multiple federal crimes[1] relating to Croft's involvement in a furniture store robbery. *Id.* at 39-40, 45-49, 56-57. Croft was subsequently found guilty on all six counts and was sentenced by the District Court on August 20, 1996, to serve a total of 444 months in federal prison. *Id.* at 39-44. In response, the Board issued a warrant for Croft's arrest on December 5, 1996. *Id.* at 50.

More than two decades passed before Croft began a push to decrease the length of his federal sentence. On January 23, 2019, Croft filed a motion with the District Court, through which he requested a sentence reduction on account of then-recent amendments to the United States Sentencing Commission's federal sentencing guidelines. *Id.* at 56. The District Court granted Croft's motion on June

---

[1] These charges were:

> (1) Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951; (2) Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (3) using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); (4) Hobbs Act extortion, in violation of 18 U.S.C. § 1951; (5) attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846; and (6) using and carrying a firearm during and in commission of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

C.R. at 56-57 n.1.

19, 2019, thereby cutting Croft's federal sentence to 410 months. *Id.* Thereafter, in mid-2020, Croft filed another motion with the District Court, by which he sought to have his federal sentence reduced to time served and to be released from federal prison, due to medical conditions he suffered and the threat posed to his health by the COVID-19 pandemic. *Id.* at 56-64. The District Court granted Croft's motion on July 9, 2020. *Id.*

Croft was released from federal prison on July 13, 2020, and was then transferred that same day to SCI-Coal Township, where he was held in the Board's custody pending a parole revocation hearing. *Id.* at 68. On August 6, 2020, Croft waived his right to have that hearing, as well as to be represented at that hearing by counsel, and admitted to the veracity of his federal convictions. *Id.* at 69-70. On August 28, 2020, the Board recommitted Croft to serve nine months of backtime as a convicted parole violator, awarded him no credit for time served at liberty on parole, and recalculated the maximum date on his underlying May 1976 sentence as July 17, 2026. *Id.* at 100-03. In this decision, the Board also informed Croft that he had 30 days to challenge the outcome via an administrative appeal. *Id.* at 103. Despite this warning, Croft failed to file such a challenge until November 6, 2020, when the Board received Croft's appeal paperwork via mail from the Indiana County Public Defender's Office. *Id.* at 103-04. This paperwork contained no explanation for why Croft had not filed his appeal within the aforementioned 30-day time window, nor did Croft request leave to appeal *nunc pro tunc*; instead, he merely stated that he was "being [unlawfully] held on state detainer despite having not been given a [parole] violation hearing within the required time period." *Id.* at 103. The Board responded on November 20, 2020, by dismissing Croft's administrative appeal as untimely. *Id.* at 106. This appeal to our Court followed shortly thereafter.

## II. Discussion

Croft presents two issues for our consideration, which we summarize and restate as follows.[2] First, he argues that this Court should vacate the Board's November 20, 2020 order and remand this matter to the Board, so that it can hold a hearing to determine whether he should be permitted to challenge the Board's August 28, 2020 decision *nunc pro tunc*. Croft's Br. at 7-10. According to Croft, this is appropriate because, contemporaneously with the decision's release, he was repeatedly transferred between different state prisons, which caused an administrative breakdown that prevented him from both expeditiously securing legal representation and promptly submitting his administrative appeal. *Id.* at 9-10. Second, he maintains that the Board erred by affirming its November 20, 2020 order, and instead should have dismissed his parole violation charges, because it did not hold his revocation hearing within 120 days of his preliminary hearing, as required by the Board's regulations. *Id.* at 10.

Neither of these arguments, however, entitle Croft to his desired relief. With regard to his first claim, it is well settled that a party may not assert an issue on appeal from a governmental agency unless they raised it in the first instance at the administrative level.[3] 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Here, Croft could have requested leave to appeal *nunc pro tunc* directly from the Board when he filed his administrative appeal, but failed to do so. Therefore, he has waived the ability to

---

[2] "Our scope of review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008).

[3] There are several exceptions to this rule, none of which are applicable to this matter.

4

present this claim on appeal to our Court. As for Croft's second argument, it evinces his misapprehension of the Board's November 20, 2020 order. To reiterate, the Board explained therein, "[t]he . . . regulation governing administrative remedies provides that petitions for administrative review/administrative appeals must be received at the Board's central office within 30 days of the mailing date of the Board's decision." C.R. at 106 (citing 37 Pa. Code § 73.1). "Where a prisoner fails to meet this deadline, this [C]ourt has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCaskill*, 631 A.2d at 1095. Thus, the Board dismissed Croft's administrative appeal on technical grounds, due to the fact that it lacked jurisdiction, and never considered the substantive merits of his claims. C.R. at 106. Given this, Croft's second argument is not properly before us, as it goes beyond the scope of, and is not relevant to, the reasoning behind the Board's November 20, 2020 order.[4]

### III. Conclusion

In light of the foregoing analysis, we affirm the Board's November 20, 2020 order.

_____
ELLEN CEISLER, Judge

---

[4] Furthermore, we note that Croft's second argument would not have afforded him relief even if his administrative appeal had been timely filed and the Board had addressed that appeal's merits. As we have written in the past, a parolee "waive[s] his right to challenge the timeliness of his revocation hearing when he expressly waive[s] his right to have a hearing in the first place." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 (Pa. Cmwlth. 2013). Thus, as Croft waived his right to have a revocation hearing in this instance, he could not thereafter attack the legality of the Board's subsequent decision on the basis of the putative "untimeliness" of a hearing that never actually occurred.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ellis Croft,                           :
          Petitioner              :
                                 :
        v.                        : No. 1251 C.D. 2020
                                 :
Pennsylvania Parole Board,             :
          Respondent             :

## O R D E R

AND NOW, this 27th day of July, 2022, Respondent Pennsylvania Parole Board's November 20, 2020 order is hereby AFFIRMED.

 

                                  _____
                                  ELLEN CEISLER, Judge