IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert A. Midgley,                :
              Petitioner          :
                                    :
    v.                            :   No. 59 C.D. 2021
                                    :
Pennsylvania Parole Board,      :
              Respondent     :   Submitted: December 2, 2022

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                      FILED: April 3, 2023

Petitioner Robert A. Midgley (Midgley) petitions for review of Respondent Pennsylvania Parole Board's (Board) December 30, 2020 order, through which the Board affirmed its March 15, 2019 decision to recommit him to serve a total of 12 months of backtime, recalculate the maximum date on his carceral sentence, and award him no credit for time served at liberty on parole. We dismiss Midgley's Petition for Review as moot.

## I. Background

This marks the second time we have been called upon to address Midgley's Petition for Review, but the first time we have directly engaged with the substantive merits of Midgley's challenges to the Board's order. As we recounted previously in *Midgley v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 59 C.D. 2021, filed April 1, 2022) (*Midgley I*):

> On August 5, 2015, after pleading guilty to one count of driving under the influence, Midgley was sentenced in the Court of Common Pleas of the 39th Judicial District,

Franklin County Branch (Trial Court) to a term of one to five years in state prison. Certified Record (C.R.) at 1. The Board then paroled Midgley on August 8, 2016, at which point the maximum date on his August 2015 sentence was August 5, 2020, reflecting that Midgley had 1,458 unserved days left on that sentence. *Id.* at 4-7. Thereafter, on February 15, 2018, Midgley tested positive for THC during a routine parole supervision drug screening procedure, prompting the Board to issue a detainer and take him into custody that same day. *Id.* at 11-12, 22.[2] Midgley was subsequently charged with indecent exposure on February 22, 2018, which stemmed from an incident in Chambersburg, Pennsylvania, on February 13, 2018, during which he was discovered while masturbating in public at a local library. *Id.* at 19-20, 24-27. On March 28, 2018, Midgley pled guilty to the indecent exposure charge and was sentenced by the Trial Court to 6 to 12 months in state prison. *Id.* at 66, 75-79.

> [2] THC, or tetrahydrocannabinol, "is the substance [that is] primarily responsible for the effects of marijuana on a person's mental state." *Cannabis (Marijuana) and Cannabinoids: What You Need To Know*, NATIONAL CENTER FOR COMPLEMENTARY AND INTEGRATIVE HEALTH (November 2019), https://www.nccih.nih.gov/health/cannabis-marijuana-and-cannabinoids-what-you-need-to-know (last visited [March 31, 2023]). Tetrahydrocannabinol is a Schedule I controlled substance under Pennsylvania law. *See* 28 Pa. Code § 25.72(b)(3)(xvi).

The Board then issued a series of decisions that addressed both Midgley's positive drug test and his criminal conviction. On May 16, 2018, the Board recommitted Midgley as a technical parole violator (TPV) on account of his positive drug test and ordered that he serve six months of backtime, with an automatic reparole date of August 15, 2018. *Id.* at 38-40. On July 2, 2018, the Board modified its May 16, 2018 decision by deleting the automatic reparole provision and recommitting Midgley to serve 12 months of backtime as a convicted parole violator [(CPV)], due to his guilty plea, to be served concurrently with the previously imposed 6 months of TPV backtime "when available pending parole from (or completion of)

[his March 2018 sentence]." *Id.* at 70-71. Finally, on March 15, 2019, the Board reiterated its backtime recommitment determination, declined to award Midgley any credit for time served at liberty on parole, and recalculated the maximum date on his August 2015 sentence as March 7, 2022.[3] *Id.* at 82-83. Confusingly, however, the Board's Order to Recommit, dated March 14, 2019, states that Midgley's "prior parole liberty forfeited" was "0" days and, without explanation, awards him 18 days of backtime credit for the time period between February 15, 2018, and March 5, 2018. *Id.* at 80-81.

> [3] The Board arrived at this recalculation by using March 28, 2018, as the date of Midgley's "custody for return" and then adding 1,440 days to that date. *See* C.R. at 80-81.

In response, Midgley challenged two of these decisions before the Board. First, in July 2018, Midgley administratively appealed the Board's July 2, 2018 decision, in which he argued that the Board's parole "hit" exceeded the time remaining on his August 2015 sentence. *Id.* at 87-88. The Board denied this administrative appeal on March 27, 2019. *Id.* at 90. Subsequently, on April 8, 2019, Midgley submitted a second administrative appeal, this one regarding the Board's March 15, 2019 decision. Therein, he stated that he wished "to request leniency in the Board's decision not to award credit . . . for the time served at liberty on parole due to the mental capacity of offender during commission of crime resulting in parole violation." *Id.* at 91-92. The Board denied Midgley's second administrative appeal on December 30, 2020. *Id.* at 94-95.

Midgley then filed his *pro se* Petition for Review with our Court on January 12, 2021, regarding the Board's December 30, 2020 order. In his Petition for Review, Midgley argued that the Board had unlawfully revoked credit for time served at liberty on parole that it had previously awarded him and had extended his August 15, 2015 sentence in violation of the Pennsylvania Constitution's and [the] United States Constitution's prohibitions against double jeopardy and cruel and unusual punishment. Pet. for Rev. ¶¶10-11. On February 26, 2021, we appointed the Northumberland County Office of the Public Defender to represent Midgley in this

3

matter. Order, 2/26/21, at 1-2. [Sarah Beth Stigerwalt-Egan, Esquire,] entered her appearance on Midgley's behalf on August 10, 2021, and then filed [an] Application to Withdraw and [an] *Anders* brief on October 13, 2021.

*Midgley I*, slip op. at 2-4, 2022 WL 984560, at *1-*2. Treating Stigerwalt-Egan's *Anders* brief as a no-merit letter, we concluded that it was technically deficient and consequently denied her request to withdraw from this matter without prejudice. *Id.*, slip op. at 6, 2022 WL 984560, at *3. In addition, we directed her to file either an amended Application to Withdraw and no-merit letter, or a brief in support of Midgley's Petition for Review, within 30 days. *Id.*, slip op. at 6-7, 2022 WL 984560, at *3. Finally, we directed Stigerwalt-Egan to address whether the passage of the maximum date on Midgley's August 2015 sentence had rendered his appellate claims moot. *Id.*, slip op. at 7 n.5, 2022 WL 984560, at *3 n.5.

On April 25, 2022, Michael Fiorillo, Esquire (Counsel), entered his appearance replacing Stigerwalt-Egan as Midgley's attorney in this matter. That same day, Counsel filed a "Motion for Extension of Time," through which he asked that we extend the deadline for compliance with *Midgley I*. On April 26, 2022, we granted Counsel's Motion, thereby giving him until May 26, 2022, to respond to *Midgley I*. Order, 4/26/22, at 1. Counsel elected to file a substantive brief on May 24, 2022, to which the Board responded on June 27, 2022, by filing a brief of its own. Accordingly, this matter is now ready for our disposition.

## II. Discussion

Midgley raises what amounts to two arguments in his brief,[1] which we summarize as follows. First, he argues that the Board abused its discretion by

---

[1] "Our scope of review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether **(Footnote continued on next page…)**

deciding not to award him credit for time served at liberty on parole without appropriately considering how his "mental capacity" had caused him to commit the crime of indecent exposure. Midgley's Br. at 11. Second, he claims that the Board committed legal error by revoking credit for time served at liberty on parole when it recommitted him as a CPV, even though it had already awarded him that credit when it had previously declared him to be a TPV. *Id.*[2]

However, we are unable to reach the merits of these arguments, as they have been rendered moot by the passage of time. As this Court has held, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review[,] of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id.* Such a detriment exists where, though the maximum term on a parolee's original sentence has passed, they are currently serving time on a new sentence and have raised issues on appeal that would potentially affect the maximum date on that new sentence. *See Mesko v. Pa. Bd. of Prob. & Parole*, 245 A.3d 1174, 1178 n.5 (Pa. Cmwlth. 2021).

---

constitutional rights were violated." *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008).

[2] Midgley also notes at the end of his brief, in what amounts to an aside, that the constitutional prohibition against double jeopardy is not relevant to parole revocation proceedings, as well as that the denial of credit for time served at liberty on parole does not impose cruel and unusual punishment upon a parole violator and is therefore constitutionally sound. Midgley's Br. at 12.

In this instance, however, it is clear that the maximum dates on both of Midgley's sentences have passed, with the maximum date on his August 2015 sentence having been March 7, 2022, and the maximum date on his March 2018 sentence having been February 14, 2023. *See* C.R. at 83; Board's Br. at 8; Board's Supplemental Br. at 1-2, Exs. A-B; Midgley's Supplemental Br. at 3. Furthermore, it does not appear that Midgley is still incarcerated within our Commonwealth's prison system. *See Inmate Locator*, PA. DEP'T OF CORR., http://inmatelocator.cor.pa.gov (last visited Mar. 31, 2023). This matter is thus indisputably moot.

Midgley rejoins that we should nevertheless address the merits of his claims because, in his view, the issues he has presented are both capable of repetition and likely to escape judicial review, and are of great public importance. Midgley's Supplemental Br. at 3-5. We disagree. First, his claims regarding the Board's revocation of credit for time served at liberty on parole are far from unique and are of the workaday type aggrieved parolees raise, and that we address on the merits, with regularity. Second, "the great public importance exception to the mootness doctrine 'is generally confined to a narrow category of cases.'" *Harris v. Rendell*, 982 A.2d 1030, 1037 (Pa. Cmwlth. 2009) (quoting *Bottomer v. Progressive Cas. Ins. Co.*, 859 A.2d 1282, 1285 (Pa. 2004)). The common nature of these claims, as well as the fact that an adjudication on the merits would neither give Midgley any relief nor break new ground in terms of case law, leads us to conclude that they are not of such public import as to satisfy that mootness exception either. Therefore, we decline to rule upon the merits of his appellate arguments.

## III. Conclusion

In light of the foregoing, we dismiss Midgley's Petition for Review as moot.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert A. Midgley,                          :
                   Petitioner          :
                                               :
       v.                                    :  No. 59 C.D. 2021
                                                :
Pennsylvania Parole Board,                  :
                   Respondent          :

# O R D E R

AND NOW, this 3rd day of April, 2023, it is hereby ORDERED that Petitioner Robert A. Midgley's Petition for Review is DISMISSED AS MOOT.

                                      _____
                                      ELLEN CEISLER, Judge