# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony R. Todd,　　　　　　　　　:
　　　　　Petitioner　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
Pennsylvania Parole Board,　　　　　:　　No. 592 C.D. 2022
　　　　　Respondent　　　　　　　:　　Submitted: March 24, 2023


BEFORE:　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY　　　　　　　　　　　　　　FILED: June 23, 2023

　　　　　Anthony R. Todd (Todd) petitions this Court for review of the Pennsylvania Parole Board's (Board) May 16, 2022 order affirming the Board's decision recorded July 22, 2021 (mailed July 30, 2021). Essentially, there is one issue before this Court: whether the Board abused its discretion by recommitting Todd as a convicted parole violator (CPV) under Section 6138(a)(1.1)(iv) of the Prisons and Parole Code (Parole Code),[1] 61 Pa.C.S. § 6138(a)(1.1)(iv), for disorderly conduct.[2] After review, this Court affirms.

---

[1] 61 Pa.C.S. §§ 101-7301.

[2] In his Statement of Questions Involved, Todd presents the following issues: (1) whether the Board erred by failing to credit him for all time he served exclusively on the Board's warrant or while incarcerated; (2) whether the Board abused its discretion by recommitting him as a CPV under Section 6138(a)(1.1)(iv) of the Parole Code for disorderly conduct; and (3) whether the Board abused its discretion by failing to credit him for time he spent in good standing while at liberty on parole. *See* Todd Br. at 4. However, in his Argument section, Todd's counsel declared that the Board properly credited Todd for all time Todd served exclusively under the Board's warrant or while incarcerated, *see id*. at 11-12, and that the Board properly denied Todd credit for

Todd is currently incarcerated at the State Correctional Institution (SCI) at Mahanoy.[3] On June 26, 2001, the Chester County Common Pleas Court sentenced Todd to serve 2 consecutive 7½- to 15-year terms of incarceration, plus 5 concurrent 7½- to 15-year terms of incarceration for robbery (Original Sentence). *See* Certified Record (C.R.) at 1. Todd's Original Sentence maximum release date was July 15, 2030. *See* C.R. at 1.

On April 20, 2015, the Board granted Todd parole from his Original Sentence on or after July 15, 2015. *See* C.R. at 5. On July 15, 2015, the Board released Todd on parole. *See* C.R. at 8. As conditions of his parole, Todd consented, *inter alia*, that he would not change his approved residence without prior written permission, and he would report regularly to parole supervision staff as instructed. *See* C.R. at 9. Todd further agreed:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody[] pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those [new] charges.
>
> If you violate a condition of your parole/reparole and, after an appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole[,] you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

---

time he spent in good standing while at liberty on parole. *See id*. at 13-14. Accordingly, this Court need not further address those issues.

[3] *See* http://inmatelocator.cor.pa.gov (last visited June 22, 2023).

2

C.R. at 9.

While at liberty on parole, Todd accrued new criminal charges, but the Board allowed him to continue on parole pending disposition of those charges. *See* C.R. at 46, 53. On August 17, 2018, parole staff placed Todd under Global Positioning System (GPS) monitoring. *See* C.R. at 12-15, 28. On May 5, 2020, Todd agreed to additional special conditions of parole, including requirements that he attend outpatient drug treatment, outpatient alcohol treatment, and a community support group, and reside at the Chester County re-entry facility located at 201 East 12th Street in Chester. *See* C.R. at 48-51. On May 6, 2020, the Board changed Todd's approved residence to the Kintock-Erie residential treatment facility located at 301 Erie Avenue in Philadelphia. *See* C.R. at 52.

Relevant here, on August 3, 2020, the Board issued a notice declaring Todd delinquent on parole effective July 29, 2020, for changing his approved residence without prior permission, failing to report as instructed, and failing to abide by GPS monitoring conditions. *See* C.R. at 54-55, 59, 77.

On August 5, 2020, Pennsylvania State Police-Avondale arrested Todd on charges of resisting arrest and disorderly conduct (New Charges) and placed him in the Chester County Prison.[4] *See* C.R. at 60, 67-72, 122. Todd's disorderly conduct charge was brought as a third-degree misdemeanor under Section 5503 of the Crimes Code, 18 Pa.C.S. § 5503.[5] *See id.* That same day, the Board issued a

---

[4] Todd was unable to post the $10,000.00/10% bail. *See* C.R. at 122-123, 126. On March 21, 2021, after the Chester County Common Pleas Court reduced Todd's bail to $10,000.00 unsecured, he posted bail. *See* C.R. at 123, 126.

[5] Section 5503(a) of the Crimes Code declares, in relevant part: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S. § 5503(a). Section 5503(b) of the Crimes Code specifies: "An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable

3

warrant to commit and detain Todd. *See* C.R. at 56, 60. The Board issued a notice of charges and scheduled a preliminary/detention hearing for August 31, 2020 relative to his technical parole violations and New Charges.[6] *See* C.R. at 57.

At the August 31, 2020 hearing, Todd admitted to his parole condition violations, *see* C.R. at 81, and the Board received documentation of Todd's New Charges. *See* C.R. at 58-91. By March 5, 2021 decision (mailed March 10, 2021), the Board recommitted Todd to an SCI to serve six months of backtime on his Original Sentence with automatic reparole on February 5, 2021,[7] subject to detainers and pending disposition of his New Charges. *See* C.R. at 84, 92-96. The Board recalculated Todd's Original Sentence maximum release date to July 22, 2030, subject to disposition of his New Charges. *See* C.R. at 95-96.

On May 18, 2021, Todd pled guilty to the New Charges, which were then reduced to four counts of summary disorderly conduct under Section 5503(a)(1) of the Crimes Code, for which the Chester County Common Pleas Court sentenced him to 90 days of probation for each count (totaling 1 year), plus fines, mental health evaluation and treatment, and drug and alcohol evaluation and treatment. *See* C.R. at 101, 106, 112. On June 9, 2021, the Board issued a notice of charges and scheduled a revocation hearing for June 24, 2021, based on Todd's New Charges. *See* C.R. at 101. Also on June 9, 2021, Todd admitted to the New Charges and waived his right to a panel hearing. *See* C.R. at 102-104.

By decision recorded July 22, 2021 (mailed July 30, 2021), the Board modified its March 5, 2021 decision (mailed March 10, 2021) to delete the automatic reparole provision, and further recommitted Todd as a CPV to serve nine months of

---

warning or request to desist. Otherwise disorderly conduct is a summary offense." 18 Pa.C.S. § 5503(b).

[6] Todd signed the notice of charges and hearing on September 16, 2020. *See* C.R. at 57.

[7] Notably, February 5, 2021 had already passed by the time the Board issued it March 5, 2021 notice.

backtime on his Original Sentence. *See* C.R. at 118, 139-140. The Board denied Todd credit for the time he spent at liberty on parole because he had absconded while under parole supervision. *See* C.R. at 115, 140. The Board recalculated Todd's maximum Original Sentence maximum release date as November 24, 2034, subject to disposition of his pending criminal charges. *See* C.R. at 139-140.

On November 23, 2021, the Board denied Todd parole. *See* C.R. at 145-146. On December 2, 2021, Todd, pro se, executed an Administrative Remedies Form (received by the Board on December 15, 2021), wherein he asserted that he should not have been recommitted on the New Charges because the resisting arrest charges were dropped and he pled guilty to summary disorderly conduct.[8] *See* C.R. at 150-153.

By January 12, 2022 letter, Kent D. Watkins, Esquire, entered his appearance for Todd. *See* C.R. at 154-155. By decision mailed May 16, 2022, the Board affirmed its decision recorded July 22, 2021 (mailed July 30, 2021), in part, because Todd could be recommitted as a CPV pursuant to Section 6138(a)(1.1)(iv) of the Parole Code based on the summary disorderly conduct charges to which he pled guilty. *See* C.R. at 156-157. Todd appealed to this Court.[9]

Todd argues that the Board abused its discretion by recommitting him as a CPV pursuant to Section 6138(a)(1.1)(iv) of the Parole Code for disorderly conduct because he pled guilty to the New Charges as summary offenses. Specifically, Todd asserts that since subsection (1.1) was not included in Section

---

[8] Todd also argued that he did not receive a hearing on his technical parole violations. However, according to the certified record, Todd attended the August 31, 2020 hearing and admitted to the technical violations. *See* C.R. at 79, 81.

[9] "This Court's 'review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated.' *Ramos v. Pa. Bd. of Prob.* [*&*] *Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

6138(a) of the Parole Code at the time he pled guilty and was sentenced for summary disorderly conduct, his plea must be treated as a technical parole violation.

However, Section 6138 of the Parole Code provides, in relevant part:

**(a) Convicted violators.--**

(1) The [B]oard may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere at any time thereafter in a court of record.

(1.1) In addition to paragraph (1), a parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment for which the parolee is convicted or found guilty by a judge or jury or **to which the parolee pleads guilty** or nolo contendere or of any misdemeanor of the third degree or of any of **the following offenses where graded as a summary offense**, **may at the discretion of the [B]oard be recommitted as a parole violator**:

. . . .

(iv) **Disorderly conduct** under [Section 5503 of the Crimes Code,] 18 Pa.C.S. § 5503 (relating to disorderly conduct).

. . . .

(2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

>(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence . . . .

61 Pa.C.S. § 6138. Thus, the Board has the discretion to recommit a parolee who pleads guilty to summary disorderly conduct as a CPV to serve backtime on his original sentence.

Todd erroneously asserts that subsection (1.1) was not in Section 6138(a) of the Parole Code until the General Assembly passed the Act of June 30, 2021, P.L. 260, No. 59 (Act 59), which was effective that day. However, the General Assembly added Section 6138(a)(1.1) to the Parole Code by Section 20 of the Act of December 18, 2019, P.L. 776, No. 115 (Act 115), which became effective 120 days thereafter (i.e., June 30, 2020). *See* 61 Pa.C.S. § 6138. Thus, Section 6138(a)(1.1)(iv) of the Parole Code was in effect when Todd was arrested on August 5, 2020, and when he pled guilty and was sentenced on May 18, 2021. Accordingly, the Board properly recommitted Todd as a CPV based on his New Charges pursuant to Section 6138(a)(1.1)(iv) of the Parole Code.

Based on the foregoing, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

7

Anthony R. Todd, :
          Petitioner :
           :
    v. :
           :
Pennsylvania Parole Board, : No. 592 C.D. 2022
          Respondent :

# O R D E R

AND NOW, this 23rd day of June, 2023, the Pennsylvania Parole Board's May 16, 2022 order is affirmed.

_____

ANNE E. COVEY, Judge