# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hector Manuel Roca, Jr.,        :
           Petitioner       :
                          :
           v.             :    No. 149 C.D. 2023
                          :    Submitted: March 8, 2024
Pennsylvania Parole Board,      :
           Respondent     :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                  **HONORABLE ELLEN CEISLER,** Judge
                  **HONORABLE MATTHEW S. WOLF**, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: March 28, 2024**

Hector Manuel Roca, Jr. (Roca) petitions for review of an Order of the Pennsylvania Parole Board (Board), mailed January 31, 2023, that affirmed the Board's action mailed October 12, 2022, denying Roca credit for time spent at liberty on parole, also known as street time. Roca argues the Board failed to give him credit for all time served exclusively on its warrant and abused its discretion in denying him street time. For the following reasons, we affirm the Board's Order.

On December 15, 2017, Roca was sentenced to 6 months to 1 year, 11 months on a charge of manufacture/sale/deliver or possession with intent to manufacture or deliver a controlled substance in Luzerne County. (Sentence Status Summary, Supplemental Certified Record (Suppl. C.R.) at 1A.) On April 13, 2018, Roca was sentenced to a consecutive two to four years of incarceration after pleading guilty to firearm not to be carried without a license. (*Id.*) On April 3, 2019, the Board

released Roca from boot camp with a maximum date of October 5, 2022. (Administrative Action, Certified Record (C.R.) at 4; Sentence Status Summary, C.R. at 1A.) On May 29, 2019, the Board declared Roca delinquent effective May 26, 2019. (Administrative Action, C.R. at 5.) By Board action recorded September 20, 2019, Roca was detained pending disposition of criminal charges and recommitted as a technical parole violator to serve six months for changing his residence without permission, in violation of the conditions of his parole. (Notice of Board Decision, C.R. at 6.) The Board calculated Roca owed 1,234 days' backtime. (Order to Recommit, C.R. at 9.) He was given 53 days of delinquency for the period between May 27, 2019, to July 19, 2019, which was his custody for return date. (*Id.*) Adding the backtime owed to his custody for return date gave Roca a new maximum date of December 4, 2022. (*Id.*) He was automatically reparoled on January 19, 2020. (Order to Release on Parole/Reparole, C.R. at 11.)

On June 11, 2021, the Board issued a Warrant to Commit and Detain Roca, after he was arrested by Department of Corrections' Bureau of Internal Investigation for three counts each of conspiracy to commit contraband-controlled substance contraband to confined persons prohibited; conspiracy to manufacture, deliver, or possession with intent to manufacture or deliver; and criminal use of communication facility. (Criminal Arrest and Disposition Report, C.R. at 21; Criminal Complaint, C.R. at 37-45; Criminal Docket, C.R. at 49-62.) Bail was set at $20,000 monetary on July 13, 2021, but was not posted. (*Id.* at 50.) Roca was convicted of one count of conspiracy to manufacture, deliver, or possession with intent to manufacture or deliver, a felony, on June 9, 2022, and was sentenced by the Court of Common Pleas of Centre County that same day to 9 months to 23½ months in county jail, with credit

2

for 9 months served. (Sentencing Order, C.R. at 46.) On June 16, 2022, he was paroled from the county sentence. (Criminal Docket, C.R. at 62.)

The Department of Corrections Moves Report indicates that Roca was paroled to a community corrections center on January 19, 2020. (*Id.* at 48.) He was returned to a state correctional institution (SCI) on June 12, 2021, as a parole violator pending. (*Id.*) Aside from two transports to Centre County, he remained incarcerated in an SCI. (*Id.*)

On July 19, 2022, Roca received a Notice of Charges and Hearing, was advised of his rights, admitted to the conviction, and waived his right to a panel hearing and counsel. (*Id.* at 17-20.) A hearing examiner recommended granting credit for street time as Roca only had a brief period of supervision remaining and the offense did not warrant extension of the current maximum date. (Hearing Report, C.R. at 30.) A Board member recommended denying Roca credit for street time citing Roca committing a new conviction that was the same or similar to the original offense and committing an offense enumerated as violent pursuant to Section 9714(g) of the Sentencing Code, 42 Pa.C.S. § 9714(g), which prohibits an award of credit for street time. (*Id.* at 31.) The Board members recommended recommitting Roca as a Convicted Parole Violator (CPV) to serve 24 months. (*Id.* at 35.)

By action recorded July 29, 2022, and mailed August 3, 2022, the Board recommitted Roca to an SCI as a CPV to serve 24 months' backtime based on his new conviction. (Notice of Board Decision, C.R. at 68.) The decision stated that Roca "ha[d] committed an enumerated violent offense under 42 Pa.C.S. § 9714(g) that prohibits awarding credit for time at liberty on parole." (*Id.* at 69.) Using June 16, 2022, as the custody for return date, the Board recalculated the new maximum date as March 30, 2025, based upon the 1,018 days of backtime owed after Roca

3

received 32 days' credit toward his backtime for the time period between June 11, 2021, and July 13, 2021. (Order to Recommit, C.R. at 66.)

Roca filed a pro se administrative remedies form received by the Board on September 21, 2022. (C.R. at 70-73.) Therein, Roca challenged the Board's determination that he had been convicted of an enumerated violent offense, which required the Board to deny credit for street time. (*Id.* at 72.) Roca also argued the new conviction was not related to his original offense; "[t]herefore, there is no justification for taking his 'street time' that he served on positive terms." (*Id.*) Finally, Roca asserted he served time from June 11, 2021, to June 9, 2022, while litigating the new charges, and such time should be credited to him "as time served." (*Id.*)

The Board responded to Roca's pro se administrative remedies form on October 11, 2022, and modified the decision by removing reference to a violent offense for which Roca was not convicted. (C.R. at 88.) The Board, however, added that "[t]he record reveals that an additional reason was indicated in the revocation hearing report that was not relayed in the decision in question. That reason will be issued to you in a new decision under separate cover." (*Id.*) The Board rejected Roca's claim that he did not receive full credit for time spent incarcerated on the Board's detainer. (*Id.* at 89.)

Consistent with the Board's response, it issued a Notice of Board Decision, mailed on October 12, 2022, modifying the July 29, 2022 decision by removing reference to the prohibited offense. (C.R. at 92.) The Board, however, still denied Roca credit for street time on the basis he "committed a new conviction that is the same or similar to the original offense." (*Id.*)

4

On November 8, 2022, the Board received a counseled Administrative Remedies Form, alleging the "Board failed to give [Roca] credit for all time served exclusively pursuant to the [B]oard's warrant or serving the sentence" and "abused its discretion by not awarding any credit for time in good standing while on parole." (Suppl. C.R. at 4A.)

The Board responded to the Administrative Remedies Form on January 31, 2023. (*Id.* at 6A-7A.) The Board first stated granting or denying credit for time at liberty on parole to a CPV was within its discretion. (*Id.* at 6A.) It further stated that it denied credit for street time because of similarity between offenses. (*Id.*) The Board next explained how it recalculated Roca's maximum date, calculating Roca owed 1,050 days based on a release date of January 19, 2020, and an original maximum date of December 4, 2022. (*Id.*) The Board further explained that it lodged its detainer on June 11, 2021, and he was arrested on the new charges and bail was set on July 13, 2021, which he did not post. (*Id.* at 7A.) He was sentenced on June 9, 2022, to 9 months to 23½ months in county jail and was paroled from the county sentence on June 16, 2022. (*Id.*) Accordingly, the Board explained it applied presentence credit of 32 days for the period between June 11, 2021, and July 13, 2021, as he was held solely on the Board's retainer, reducing his time owed to 1,018 days. (*Id.*) However, beginning July 13, 2021, when he did not post bail, the Board determined Roca was not being held solely on the Board's detainer. (*Id.*) Further, because Roca received a sentence of county incarceration, under the law, he was required to serve the balance of the new sentence before serving the original one. (*Id.*) As he was paroled from the county sentence on June 16, 2022, the Board added 1,018 days to that date and recalculated Roca's new maximum date as March 30, 2025. (*Id.*) Thus, it discerned no error.

On February 20, 2023, Roca, through his counsel, timely filed a Petition for Review with this Court.[1] Therein, Roca asserted the "Board failed to give [him] credit for all time served exclusively [pursuant] to [the Board's] warrant" and "abused its discretion by failing to give [him] credit for all time in good standing [while] on parole." (Petition for Review ¶¶ 5-6.) Roca and the Board have briefed the issues; therefore, this matter is ripe for disposition.

**1.  Whether the Board failed to give Roca credit for all time served exclusively pursuant to the Board's warrant.**

Roca first argues the Board did not give him proper credit for time served exclusively on the Board's warrant. Roca explained that bail on his new charges was set on July 13, 2021, but he was unable to post it. As a result, Roca remained incarcerated until his sentencing on June 9, 2022. According to Roca, common pleas did not credit him with this time period on his new conviction.[2] Further, Roca argues the Board only gave him credit for the 32 days between June 11, 2021, and July 13, 2021. Therefore, he contends the Board's Order must be vacated and the matter remanded for the time to be credited towards his backtime sentence. Moreover, since he was sentenced on June 9, 2022, Roca contends this should be his custody for return date, and when 719 days of backtime[3] is added to that, his maximum sentence date should be May 28, 2024.

---

[1] We review the action of the Board for "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (quoting *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)).

[2] In his brief, Roca first states this is a period of 1 month and 27 days, (Roca's Brief at 11), and later states he should be given credit for an additional 229 days, (*id.*). Presumably, the 1 month and 27 days represents the period of presentence confinement less the 9 months' time served on the new county charge (July 13, 2021, through April 13, 2022, which is 57 days). However, it is unclear how he calculated 229 days.

[3] It is also unclear how this figure was calculated.

The Board responds it correctly credited Roca with 32 days' backtime for the time he was confined solely on the Board's warrant. However, consistent with the law, it asserts Roca is not entitled to credit toward his original sentence for the time he served from not posting bail on July 13, 2021, to being paroled from the county sentence on June 16, 2022. It asserts Roca had to serve the county sentence on the new charges before he could restart serving the original sentence. Thus, the 1,018 days Roca owed on his original sentence was properly added to June 16, 2022, the date he was paroled from the county sentence, to render a new maximum sentence date of March 30, 2025.

Upon review, we agree that the Board gave Roca the appropriate credit. At the time of Roca's release on parole on January 19, 2020, his maximum date was December 4, 2022. This left 1,050 days remaining on his original sentence. The Board issued its detainer on June 11, 2021, and Roca was arrested on the new charges in Centre County on July 13, 2021, at which time bail was set, but went unposted. The Board applied 32 days' credit, representing the time between the issuance of its detainer and Roca's failure to post bond, leaving 1,018 days. It did not credit Roca with the time between July 13, 2021, when bail was set through Roca's parole on the new charges because Roca was not being detained solely on the Board's warrant at this point.

This is consistent with *Gaito v. Pennsylvania Board of Probation and Parole*, in which the Supreme Court held that if the parolee has met bail on the new charges, but remains in custody **solely** on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence." 412 A.2d 568, 571 (Pa. 1980). On the other hand, if the parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal

7

charges, then the time spent in custody shall be credited to [the] new sentence." *Id.* Similarly, when a parolee "[i]s detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his new criminal sentence." *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). Only if "it is not possible to award all of the credit on the new sentence because the period of pre[]sentence incarceration exceeds the maximum term of the new sentence" may the excess time be applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (emphasis omitted).

While the 338 days Roca served from July 13, 2021, until his parole from the county sentence on June 16, 2022, exceed his minimum sentence of 9 months, it does not exceed his maximum term on the new charges; therefore, this time is allocated to the new sentence, not the original one. *Id.* He was paroled from the county sentence on June 16, 2022. (C.R. at 62.) This became his custody for return date. When 1,018 days is added to the custody for return date, the new maximum sentence date is March 30, 2025, as calculated by the Board.

Having concluded the Board did not fail to give Roca credit for all time served exclusively pursuant to the Board's warrant, we discern no error.

**2.     Whether the Board abused its discretion by not awarding Roca any credit for time in good standing while on parole.**

Roca also argues the Board abused its discretion when it did not award credit for street time. Roca argues the hearing examiner recommended Roca be given credit for street time but when the Board issued its decision, it was not awarded because the Board initially determined he was ineligible due to the nature of the offense. The Board subsequently modified its decision, removing the prohibited

8

offense language, but Roca maintains the Board then ex parte denied him credit on another basis, which was an abuse of discretion.

The Board acknowledges its July 29, 2022 decision included a reason for denying Roca credit, which was not supported by the record. However, it maintains that it corrected that error and issued the October 12, 2022 decision in which it still denied Roca credit for street time based on a reason that was supported by the record and indicated in the initial recommendation by a Board member. The Board asserts that reason, being recommitted for a same or similar offense as the original offense, has been recognized by this Court as an acceptable basis for denying credit for street time. Thus, it did not abuse its discretion in denying Roca credit for street time.

The decision to award street time to a CPV is within the Board's discretion, subject to certain exceptions that prohibit the Board from awarding such credit. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). One such exception is when the parolee commits a crime of violence while on parole. Section 6138(a)(2.1)(i) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2.1)(i). It is upon this basis that the Board initially denied Roca credit for street time. (C.R. at 69.) After Roca challenged that determination, the Board corrected its error, concluding there was no evidence in the record to support such a finding. (*Id.* at 88.) Had the Board failed to correct this error, it would have been an abuse of discretion. *See Chapman v. Pa. Bd. of Prob. & Parole*, 484 A.2d 413, 418 (Pa. Cmwlth. 1984) ("Due to the broad discretionary powers granted the Board, we will only find that the Board made an arbitrary, capricious or unreasonable determination in the absence of substantial evidence in the record to support that determination.").

In its new decision correcting the error, the Board continued to deny Roca credit for street time, now asserting as the basis for its decision the fact that Roca's

9

new offense was the same or similar to his original offense. Generally, this would be sufficient to justify a denial of street time credit. *See Boyd-Chisholm v. Pa. Bd. of Prob. & Parole*, 240 A.3d 1005, 1013 (Pa. Cmwlth. 2020) (holding denial of street time credit where new conviction was same or similar to original conviction is sufficient).[4]

However, the issue here is whether the Board's change in reasoning constitutes an abuse of discretion. Under the circumstances of this case, we determine it was not error. "[I]n reviewing the Board's discretionary acts, this Court will only overturn the Board's actions where the Board acts in bad faith, fraudulently, capriciously or commits an abuse of its power." *Baldelli v. Pa. Bd. of Prob. & Parole*, 76 A.3d 92, 96 (Pa. Cmwlth. 2013). Here, the record does not reveal any such conduct on behalf of the Board. While Roca contends it was an about-face by the Board, a review of the record shows that a Board member in the hearing report cited the similarity of offenses as the basis for why the Board member would deny credit for street time. (C.R. at 31.) Further, Roca was aware this was a potential basis as he actually asserted in his pro se administrative remedies form that the new conviction was not similar to his original offense. (*Id.* at 72.)

In *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019), the Board denied the petitioner credit for street time. Initially, the hearing report indicated the hearing examiner did not recommend the petitioner be given credit for time spent at liberty because of the petitioner's brief period of supervision. *Id.* at 390. This was the reason originally cited in the Board's order, as well. *Id.* Subsequently, in a memorandum from a Board member and then a newly

---

[4] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

10

issued order, a second reason was added, namely, similarity between the original offense and new offense. *Id.* We considered both proffered reasons in determining the Board did not abuse its discretion in denying the petitioner credit for street time. *Id.* at 391. We similarly conclude the Board did not abuse its discretion in denying Roca credit for street time under the facts presented here.

Discerning no error, we affirm the Board's Order.

 

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hector Manuel Roca, Jr., :
                      Petitioner :
                                   :
           v. : No. 149 C.D. 2023
                                   :
Pennsylvania Parole Board, :
                      Respondent :

## O R D E R

**NOW**, March 28, 2024, the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge