IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shane G. Smith,                            :
                              Petitioner   :
                                           :
            v.                             :   No. 696 C.D. 2025
                                           :   Submitted: February 3, 2026
Pennsylvania Parole Board,                 :
                              Respondent   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STELLA M. TSAI, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: February 25, 2026


        Shane G. Smith petitions for review of the May 16, 2025 Order of the
Pennsylvania Parole Board (Board) that denied his petitions for administrative
review of a Board decision that, relevantly, recommitted him as a convicted parole
violator (CPV), gave him no credit for any confinement time not served exclusively
on a Department of Corrections' (DOC) detainer, and recalculated his parole
violation maximum date to June 20, 2026. Smith is represented by appointed
counsel Kent D. Watkins, Esq. (Counsel). Counsel has filed an Application to
Withdraw as Counsel (Application to Withdraw) and a No-Merit Letter pursuant to
*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), based on his conclusion that the
issue Smith wishes to raise on appeal is without merit. Upon review, we deny
Counsel's Application to Withdraw without prejudice because the No-Merit Letter
does not meet the technical requirements of *Turner*.

## I. BACKGROUND

As set forth in Counsel's No-Merit Letter and confirmed by the record, the relevant facts are as follows. Smith is serving a 90-day to 5-year sentence for violation of probation, DUI controlled substance impaired, along with 2 consecutive sentences of 4 to 8 months for violations of probation, drug possession paraphernalia, for an aggregate sentence of 10 months, 29 days to 6 years, 4 months. (Certified Record (C.R.) at 1-2.) The Board granted Smith parole by decision dated September 3, 2019, and he was released on February 18, 2020. (*Id.* at 4-7.) At that time, Smith's maximum date was May 21, 2023. (*Id.* at 7.)

On August 7, 2020, the Board declared Smith delinquent as of August 3, 2020. (*Id.* at 14.) DOC issued a Warrant to Commit and Detain Smith on February 11, 2022. (*Id.* at 15.) By decision recorded on February 28, 2022, the Board recommitted Smith as a technical parole violator (TPV) to serve six months for multiple violations of his conditions of parole. (*Id.* at 16-18.) Also in that decision, the Board indicated that Smith's parole violation maximum date was November 28, 2024. (*Id.* at 17.) The Board's Order to Recommit set forth its calculations for the new maximum date, which showed that Smith owed 1,021 days of backtime, he lost 557 days based on the Board's declaration of delinquency on August 3, 2020 (from that date to February 11, 2022), and that when the backtime was added to Smith's custody for return date, February 11, 2022, a new maximum of November 28, 2024, resulted. (*Id.* at 19.)

Smith was automatically released on reparole on August 11, 2022. (*Id.* at 21-22.) He was declared delinquent effective that same day by Board decision recorded on August 16, 2022. (*Id.* at 28.) DOC issued a Warrant to Commit and Detain on April 28, 2023. (*Id.* at 29.) The Board recommitted Smith as a TPV to serve nine

2

months for multiple violations of the conditions of parole by decision recorded May 11, 2023. (*Id.* at 30-32.) That decision reflected a new parole violation maximum date of August 15, 2025. (*Id.* at 30-33.) The Board's Order to Recommit reflected its calculations for that new maximum date, which showed that Smith owed 840 days of backtime, he lost 260 days based on the Board's declaration of delinquency on August 11, 2022 (from that date to April 28, 2023), and that when the backtime was added to Smith's custody for return date, April 28, 2023, a new maximum of August 15, 2025, resulted. (*Id.* at 33.)

Smith was automatically released on reparole on January 28, 2024. (*Id.* at 35-36.) The Board declared Smith delinquent effective February 21, 2024, by Board action dated February 26, 2024. (*Id.* at 47.) On August 9, 2024, Smith was arrested on multiple charges, including Criminal Use of a Communication Facility, a third-degree felony. (*Id.* at 54, 58.) Bail was set at $15,000, but Smith did not post bail. (*Id.* at 81, 102.) DOC issued a Warrant to Commit and Detain Smith on August 9, 2024. (*Id.* at 48.) The Board detained Smith pending resolution of the criminal charges arising from the August 9, 2024 arrest and recommitted him as a TPV to serve 12 months by decision recorded September 20, 2024. (*Id.* at 49-51.) This decision also reflected a recalculated parole violation maximum date of February 1, 2026. (*Id.*) The Board's Order to Recommit reflected its calculation of that maximum date, which showed Smith owed 541 days of backtime, he lost 170 days to delinquency from February 21, 2024, to August 9, 2024, and that adding the 541 days of backtime to August 9, 2024, resulted in the new parole violation maximum date of February 1, 2026. (*Id.* at 52.)

Smith was convicted on the new charges on December 2, 2024, and sentenced to 9 to 24 months of incarceration in a State Correctional Institution, with the

sentencing being immediately effective. (*Id.* at 78.) Smith received 115 days credit toward that sentence for the time he had served thus far. (*Id.*)

The Board issued a Notice of Charges and Hearing based on Smith's new criminal conviction on February 19, 2025, and a revocation hearing was held before a Hearing Examiner on February 28, 2025, at which Smith was represented by Counsel. (*Id.* at 54, 63-67.) Smith admitted to his new conviction and stipulated to the information in the criminal docket on the new conviction. (*Id.* at 69.) Smith testified in his defense that he left his halfway house to help take care of his mother, who had cancer, and he had received drug and mental health treatment while he was on parole. (*Id.* at 70-72.) Based on Smith's admission, the Board issued a decision recorded on March 17, 2025, modifying the September 20, 2024 decision to delete the automatic reparole provision, and recommitting Smith as a CPV to serve 6 months of backtime concurrently with the previously imposed 12 months of backtime. (*Id.* at 105-06.) This decision reflected that Smith did not receive any credit for his time spent at liberty on parole based on his absconding and that Smith's new parole violation maximum date was June 20, 2026. (*Id.*) In an Order to Recommit, the Board outlined its calculations of the new maximum date, showing that he had 565 days of backtime owed, he received no credit for confinement time, that his effective date of return was December 2, 2024, and that adding 565 days to the date of return resulted in the new maximum date of June 20, 2026. (*Id.* at 107-08.)

Counsel filed two petitions for administrative review to the Board on Smith's behalf, asserting that "[t]he . . . Board failed to give [Smith] credit for all time served exclusively pursuant to [DOC's] warrant or while incarcerated." (*Id.* at 109-10.) The Board issued the Order now on review, affirming its March 17, 2025 decision.

4

The Board explained that Smith was not entitled to any backtime credit on his original sentence for any time spent in pre-sentence confinement because Smith did not post bail on the new charges and thus was not held solely on DOC's detainer. (*Id.* at 111-12 (citing *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980)).) Smith, through Counsel, timely filed the Petition for Review (Petition) in this Court, reasserting the claim set forth in his petitions for administrative review.[1]

## II. APPLICATION TO WITHDRAW

On August 14, 2025, Counsel filed the Application to Withdraw and No-Merit Letter. Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution,[2] such as here, the *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Turner*, 544 A.2d at 928; *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the no-merit letter, "a

---

[1] In reviewing the Board's Order, we are to determine "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (quoting *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)).

[2] A constitutional right to counsel arises when the petitioner presents a

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Smith's challenge does not fall within these parameters and, as such, Counsel was only required to file a no-merit letter in order to withdraw from representation of Smith.

copy of counsel's petition to withdraw," and a statement advising the petitioner of his right to proceed with new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies these procedural or technical requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Zerby*, 964 A.2d at 960.

Here, Counsel has complied with the above service requirements. As reflected in Counsel's certificate of service filed with this Court, Counsel served Smith with a copy of the No-Merit Letter and the Application to Withdraw. Counsel also advised Smith, via the No-Merit Letter, that Smith had the right to obtain substitute counsel or to submit a pro se brief with the Court raising points Smith believed to have merit. Because Counsel advised Smith of these rights in the No-Merit Letter, **which Counsel also filed with this Court,** the Court **can confirm that Counsel provided Smith with the requisite advice in this regard**.[3] Counsel also served Smith with this Court's Order advising Smith that he may obtain substitute counsel or file a brief in support of his Petition.[4]

However, Counsel's No-Merit Letter does not fully comply with *Turner*'s requirements. While Counsel's No-Merit Letter details Counsel's review of the Certified Record and summarizes the factual and procedural history of this matter, Counsel does not provide a legal analysis as to why the issue set forth in the Petition, that Smith did not receive the credit he was entitled, is without merit. (No-Merit Letter at 7-9.) Instead, Counsel restates portions of the procedural history and concludes "there are no grounds for appeal on th[e] issue" raised in the Petition. (*Id.*

---

[3] This differs from where appointed counsel merely states in an application to withdraw as counsel that this requirement is met without providing the Court with exactly what was sent to the petitioner. **The Court commends Counsel for doing so.**

[4] Smith has not filed a response through new counsel or on his own behalf.

at 7-8.) Counsel states that he "research[ed] the applicable case law," but he does not cite any legal authority for his conclusion or explain why Smith was not entitled to any credit for his confinement time. (*Id.*) Thus, Counsel has not met the technical requirements of *Turner*, which requires counsel to provide analysis to support counsel's conclusion that the petitioner's appeal is without merit. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25-26.

## III. CONCLUSION

Because Counsel has not satisfied the technical requirements of *Turner*, we deny Counsel's Application to Withdraw without prejudice. Counsel is directed to file either a new Application to Withdraw and No-Merit Letter that complies with *Turner* or a brief on the merits of the Petition within 15 days.[5]

_____
RENÉE COHN JUBELIRER, President Judge

---

[5] While the Court would ordinarily provide counsel more time to file a renewed application to withdraw as counsel or a merits brief, because Smith's maximum date is fast approaching, the Court is directing the filing on a more abbreviated timeline.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shane G. Smith,                 :
           Petitioner      :
                 :
       v.             :    No. 696 C.D. 2025
                 :
Pennsylvania Parole Board,   :
           Respondent   :

## **O R D E R**

**NOW**, February 25, 2026, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esq. (Counsel) is hereby **DENIED WITHOUT PREJUDICE**, and Counsel is **DIRECTED** to either file a new Application to Withdraw as Counsel and No-Merit Letter that complies with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or a brief on the merits within 15 days of this Order.

_____
RENÉE COHN JUBELIRER, President Judge